# NEW ORLEANS TAX PAYERS' PROTECTIVE ASSOCIATION *v.* SEWERAGE AND WATER BOARD OF NEW ORLEANS.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 192.   Argued March 11, 1915.—Decided April 5, 1915.

The fact that water used for drinking and bathing goes into the sewer after it has been used does not make it water for sewerage purposes.

Act No. 270, Louisiana, of 1908, and ordinance of the City of New Orleans thereunder establishing rates for water for drinking and domestic purposes other than sewerage is not unconstitutional as impairing the obligation of the statute of August, 1897, providing for free water for sewerage purposes.

Where the later Act complained of goes no farther than the prior act, the obligation of whose contract is claimed to have been impaired, there is no ground for invoking the jurisdiction of this court under § 237, Jud. Code, and the writ will be dismissed.

THE facts, which involve the constitutionality under the obligation of contract clause of the Federal Constitution of certain statutes of Louisiana and ordinances of New Orleans relative to drainage and water supply, are stated in the opinion.

*Mr. Charles Louque* for plaintiff in error:

The taxpayers' petition for building a free sewerage system with free water therefor was understood to mean free water to all tax payers, connected to sewers. All fixtures used for cleansing purposes connected to sewers are entitled to free water. The Legislature had no power to alter this intent and impair the obligations of this contract by substituting the word domestic water. As to the status of the water companies see *New Orleans Water Co.* v. *Rivers*, 115 U. S. 680; *N. O. Gas Co.* v. *La. Light Co.*, 115 U. S. 650; *St. Tammany Water Works* v. *N. O. Waterworks*, 120 U. S. 64; *S. C.*, 164 U. S. 474.

Act No. 6 of 1899 created a contract under the Constitution of the United States.

The charter of the New Orleans Waterworks Co. was declared forfeited by the Supreme Court of Louisiana, because the company violated the conditions imposed by its charter: it did not furnish clear water, as directed, and it overcharged its customers, some to a greater extent and others to a less amount. A writ of error was taken to this court and dismissed for want of jurisdiction. *State* v. *New Orleans Water Co.*, 107 Louisiana, 3; *New Orleans Waterworks* v. *State*, 185 U. S. 336.

The property erected, and constructed by the tax payers, and their board, under the authority of this act was in no sense public property which the legislature could take away from them, and dispose of as they might wish.

It belongs to that species which is termed private property, which the legislature cannot take away from its owners. See cases cited in *N. O., Mobile &c. R. R.* v. *New Orleans*, 27 Louisiana, 521.

By § 35 of the act chartering the Sewerage and Water Board the act reserves to the General Assembly the right and power to amend the act in any respect not impairing the vested rights or the contract rights of the holders of the bonds issued under its provisions.

The court should enforce one of the conditions of the petition of the property tax payers, which cannot be amended by the legislature.

*Mr. Walter L. Gleason,* with whom *Mr. Isaiah D. Moore* was on the brief, for defendant in error:

The contract clause of the Federal Constitution is not directed against all impairments of contract obligations, but only against such as result from a subsequent exertion of the legislative power of the State. *Cross Lake Club* v. *Louisiana,* 224 U. S. 632.

When the state court gives no effect to the subsequent law, but decides on grounds independent of that law, that the right claimed was not conferred by the contract claimed to have been impaired, the case stands as though the subsequent law had not been passed and the court has no jurisdiction. *Missouri-Kansas Ry.* v. *Olathe,* 222 U. S. 187; *Fisher* v. *New Orleans,* 218 U. S. 439; *Hubert* v. *New Orleans,* 215 U. S. 175; *New Orleans Water Works* v. *Louisiana,* 185 U. S. 336; *Weber* v. *Rogan,* 188 U. S. 14; *Central Land Co.* v. *Laidly,* 159 U. S. 103; *Missouri &c. Ry.* v. *Kansas,* 222 U. S. 187; *New Orleans Water Works* v. *Louisiana Sugar Co.,* 125 U. S. 38; *Mobile R. R.* v. *Mississippi,* 210 U. S. 187; *Bacon* v. *Texas,* 163 U. S. 207.

Where the constitution of the State provides, as it does in this instance, for a special tax after an election and in pursuance thereof an election was held and the property tax payers of the municipality voted upon themselves a special tax for a specified period for the purpose of constructing, maintaining and operating a sewerage, water and drainage system, the voting of the tax and the levying of same does not constitute a contract between the citizen tax payers and the State. No consideration moves to the State, other than the general public welfare; and the imposition of the tax is an exercise of a fundamental sovereign power. *Saunders* v. *Kohnke,* 109 Louisiana, 838; *Hunter*

v. *Pittsburg*, 207 U. S. 161; *Tucker* v. *Ferguson*, 22 How. 575; *West Wisconsin Railway* v. *Supervisor*, 100 U. S. 597.

The grant by the General Assembly of a charter to a municipal corporation, for the purpose of constructing, controlling, maintaining and operating the public water system, the public sewerage system and the drainage system of the City, title whereof shall be in the City, does not constitute a contract with the State, and the charter is subject to legislative control, except where restricted by the state constitution. *Saunders* v. *Kohnke*, 108 Louisiana, 838; *Hunter* v. *Pittsburg*, 207 U. S. 161.

Memorandum opinion by direction of the court. By MR. JUSTICE HOLMES.

This is a petition to have an act of the Louisiana legislature (1908, No. 270), and ordinances of the respondent Board declared unconstitutional as impairing the obligation of a contract between the property tax payers and the City of New Orleans. The statute makes it the duty of the Board to require all inhabited premises in the City to be connected with the mains of the public water system 'and to take therefrom at least such water supply as shall be used on said premises for drinking and domestic purposes, exclusive of sewerage, at rates to be fixed.' The contract supposed is that the water for drinking and domestic purposes should be free. The constitution of the State, Art. 232, forbids taxation above a limit, which has been reached, except for permanent public improvements by vote of the property tax payers in the place concerned. In this case the tax payers petitioned the City to levy a special tax of two mills per annum for forty-three years for the acquisition of a system of water works and purification of the water and for the construction 'of a free sewerage system, with free water therefor.' The proposition was adopted by special election, ordinance, statute and con-

stitutional amendment, and this adoption is relied upon as making a contract to the above effect.  Under the rules of the Board 1,000 gallons per quarter are allowed free, for flushing closets, but rates are fixed and charged for water otherwise used.  These charges were held to be consistent with the actual contract, if any, by the Supreme Court of the State.

The argument for the plaintiffs in error is that as all water that goes into the sewers is sewerage after it gets there, the arrangement required that all such water should be free.  But the character of the water that is to be free is determined before it reaches the sewer.  It is water 'therefor'—that is for a free sewerage system; or, in other words, water that is discharged into the sewers for the purpose of ensuring the working of a free sewerage system.  According to the finding of the Supreme Court the allowance for that purpose is liberal.  The original statute of August 18, 1899, that was ratified by the Constitutional Amendment itself, provided that the Board should "have power to fix the rates to be charged private consumers of water, and to collect the same from all persons who use water (except for sewerage purposes only), from the public water supply of the City of New Orleans" &c. § 21.  Obviously drinking or bathing water is not used for sewerage purposes, although it goes into the sewer after it has served its end, whereas water used for flushing closets does go into the sewer for sewerage purposes, simply to make them work.  The Act of 1908 goes no farther than that of 1899, and there is no ground for invoking the jurisdiction of this court.

*Writ dismissed.*